UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ROBIN A. THOMPSON, | ) |
| Plaintiff, | ) Case: |
| v. | ) |
| HCA MANAGEMENT SERVICES, L.P, | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff, ROBIN A. THOMPSON ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against HCA MANAGEMENT SERVICES, L.P ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This is an action for damages under the Americans with Disabilities Act of 1990, as amended (ADA), 42 U.S.C. § 12101 et seq.; the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01 et seq.; and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 et seq.

2. Plaintiff seeks redress for Defendant's unlawful acts of (a) disability discrimination, (b) failure to provide reasonable accommodations, (c) retaliation for engaging in protected activity, and (d) interference and retaliation in violation of the FMLA.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under federal law.

4. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful employment practices occurred in St. Petersburg, Florida, within the Middle District of Florida.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff timely filed a Charge of Discrimination with the EEOC, Charge No. 511-2024-04203, alleging disability discrimination, failure to accommodate, and retaliation.

7. Plaintiff received a Notice of Right to Sue from the EEOC dated July 15, 2025.

8. Plaintiff has filed this action within ninety (90) days of receipt of the EEOC's Notice.

## PARTIES

9. Plaintiff, Robin A. Thompson, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint, resided in Marion County, Florida.

10. Plaintiff was employed by Defendant as a Staffing Optimization Analyst from 2010 until her termination on or about August 23, 2024.

11. Defendant, HCA Management Services, L.P., is an employer as defined by 42 U.S.C. § 12111(5)(A), having more than 15 employees, and at all relevant times engaged in an industry affecting commerce.

## BACKGROUND FACTS

12. Plaintiff began working for Defendant in 2010 and consistently met performance expectations.

13. In April 2024, Defendant placed Plaintiff and two other non-disabled employees on a performance improvement plan (PIP).

14.     On May 22, 2024, Plaintiff disclosed her diagnosis of Cervical and Thoracic Spine Arthritis and requested a standing workstation as an accommodation.

15.     Plaintiff's medical conditions, described above, significantly impacted Plaintiff's major life activities, including her ability to sit, stand, and bend her joints. Despite her disability, she was able to perform the essential functions of her job with a reasonable accommodation.

16.     Plaintiff's supervisor, Lindsay Cartier, immediately denied the request, stating "if I allow you to have one, I must allow everyone." Cartier also refused Plaintiff's offer to self-purchase the equipment. If Plaintiff had purchased the desk at her own expense, there would have been no cost to Defendant.

17.     Plaintiff was later diagnosed with Primary Hyperparathyroidism disease in June 2024, requiring surgery, and with Appendicitis and Gallbladder Polyps. This medical condition substantially limits numerous major life activities such as standing, bending, lifting, walking, and digesting food. Despite Plaintiff's medical condition, Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

18.     On August 2, 2024, Plaintiff's physician scheduled non-elective surgery for August 29, 2024.

19.     Plaintiff applied for FMLA leave, which was approved on August 20, 2024 by Sedgwick Claims Management Services.

20.     On August 23, 2024, only three days after FMLA approval and six days before the scheduled surgery, Plaintiff was terminated by Strader, citing an expired April 2024 PIP.

21. However, the two other employees placed on PIPs in April 2024 were not terminated.

22. Defendant's stated reason for termination was false and pretextual. Plaintiff was terminated because of her disability, her accommodation requests, her participation in a July 2024 Ethics & Compliance survey where she reported bullying and harassment, and her approved FMLA leave.

**COUNT I – Disability Discrimination (ADA & FCRA)**

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff is an individual with disabilities, including arthritis, hyperparathyroidism, and related medical conditions, which substantially limit one or more major life activities.

25. Plaintiff was also "regarded as" disabled and/or had a record of disability within the meaning of the ADA.

26. Plaintiff was qualified to perform her job with or without reasonable accommodation.

27. Defendant discriminated against Plaintiff by: (a) denying Plaintiff's request for reasonable accommodations; (b) altering duties for employees with medical restrictions; (c) disciplining Plaintiff disproportionately; and (d) terminating her employment.

28. Non-disabled employees similarly placed on PIPs in April 2024 were retained, showing disparate treatment.

29. Defendant's reason for termination was false and pretextual.

30. Defendant's actions constitute unlawful disability discrimination under the ADA and FCRA.

31.	But for Plaintiff's disability, Defendant would not have fired Plaintiff. However, Defendant's disability was a motivating factor in Defendant's decision to terminate Plaintiff.

32.	As a result, Plaintiff suffered loss of employment, wages, benefits, and emotional distress.

### **COUNT II-Failure to Accommodate (ADA & FCRA)**

26.	Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

27.	Plaintiff requested a reasonable accommodation (standing desk).

28.	Defendant denied the request without engaging in an interactive process, in violation of the ADA.

29.	Plaintiff offered to purchase the equipment herself, but Defendant still refused. Defendant had no legitimate reason to deny Plaintiff's accommodation request as it would not cause undue hardship.

30.	Defendant's refusal forced Plaintiff to work in pain and limited her ability to perform her essential job functions.

31.	Defendant's denial was based on a blanket policy, not an individualized assessment, contrary to ADA standards

32.	By failing to provide a reasonable accommodation, Defendant violated the ADA and FCRA.

33.	Plaintiff suffered physical pain, humiliation, and loss of employment opportunities.

### COUNT III-Retaliation (ADA & FCRA)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

35. Plaintiff engaged in protected activities under the ADA and FCRA by participating in a July 2024 Ethics & Compliance survey where she reported harassment.

36. Defendant was aware of Plaintiff's protected activities because Plaintiff's complaints were made to Defendant.

37. Plaintiff's complaints made to Defendant were made in good faith.

38. Within a month of these protected activities, Defendant terminated Plaintiff.

39. The temporal proximity establishes a causal connection between the protected activities and adverse action.

40. Defendant's reliance on the April 2024 PIP was pretextual, as others with identical PIPs were not terminated.

41. Defendant retaliated against Plaintiff in violation of the ADA and FCRA.

42. Plaintiff suffered loss of employment, benefits, and severe emotional distress.

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

### COUNT IV – FMLA Interference and Retaliation

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

45. Plaintiff applied for and was granted FMLA leave beginning August 29, 2024.

46. However, Defendant fired Plainyiff on August 23, 2024, before she could begin her protected leave.

47. Defendant's actions interfered with Plaintiff's statutory right to job-protected leave.

6

48.	Plaintiff was employed by Defendant for more than a year, worked more than 1,250 hours, and Defendant employs more 50 employees within a 75-mile radius of Plaintiff's work site.

49.	The termination occurred within three days of FMLA approval.

50.	Defendant's conduct violated 29 U.S.C. § 2615.

51.	Plaintiff suffered damages including lost wages, lost health insurance coverage, loss of FMLA protections, and emotional distress.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

   a.	Back pay with interest;

   b.	Payment of interest on all back pay recoverable;

   c.	Front pay;

   d.	Loss of benefits;

   e.	Compensatory and punitive damages;

   f.	Reasonable attorneys' fees and costs;

   g.	Award pre-judgment interest if applicable; and

   h.	Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this October 14, 2025.

                                        */S/ Kyle J. Lee*
                                        Kyle J. Lee, Esq.
                                        FLBN: 105321

                                      LEE LAW, PLLC
                                      1971 West Lumsden Road,
                                      Suite 303
                                      Brandon, FL 33511
                                      Telephone: (813) 343-2813
                                      Kyle@KyleLeeLaw.com
                                      Team@KyleLeeLaw.com